# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBORAH G. MALLOW IRA SEP INVESTMENT PLAN, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION,<br><br>                              Plaintiff,<br><br>v.<br><br>AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR.,<br><br>                              Defendants,<br><br>and<br><br>CHESAPEAKE ENERGY CORPORATION,<br><br>                    Nominal Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 5:12-cv-00436-M<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

[Additional captions on following pages]

**PLAINTIFFS DEBORAH G. MALLOW IRA SEP INVESTMENT PLAN'S, CHRISTOPHER SYNDER'S, DOLEZAL FAMILY LIMITED PARTNERSHIP'S, BRIAN F. LEONARD'S, AND THE DAVID A. KROLL INC. EMPLOYEES' PROFIT-SHARING PLAN AND TRUST'S RESPONSE IN SUPPORT OF CROSS-MOTION TO APPOINT LEAD COUNSEL AND OPPOSITION TO PLAINTIFF JACOB SHOCHAT'S CROSS-MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

| | | |
|---|---|---|
| CHRISTOPHER SNYDER, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION, | : : : : : | Civil Action No. 5:12-cv-00437-M |
| Plaintiff, | : : | |
| v. | : : | |
| AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR., | : : : : : : : : : : : | |
| Defendants, | : : | |
| and | : : : | |
| CHESAPEAKE ENERGY CORPORATION, Nominal Defendant. | : | |

DOLEZAL FAMILY LIMITED :    Civil Action No. 5:12-cv-00477-M
PARTNERSHIP, individually and :
derivatively on behalf of :
CHESAPEAKE ENERGY :
CORPORATION, :
                       :
             Plaintiff, :
                       :
v. :
                       :
AUBREY K. MCCLENDON, :
RICHARD K. DAVIDSON, V. :
BURNS HARGIS, FRANK A. :
KEATING, BREENE M. KERR, :
CHARLES T. MAXWELL, DON L. :
NICKLES, FREDERICK B. :
WHITTEMORE, MARCUS C. :
ROWLAND, MICHAEL A. :
JOHNSON, and MERRILL A. :
MILLER, JR., :
                       :
                       :
           Defendants, :
                       :
and :
                       :
                       :
CHESAPEAKE ENERGY :
CORPORATION, Nominal Defendant.

BRIAN F. LEONARD, individually          :       Civil Action No. 5:12-cv-00479-M
and derivatively on behalf of           :
CHESAPEAKE ENERGY                        :
CORPORATION,                            :
                                        :
                    Plaintiff,          :
                                        :
v.                                      :
                                        :
AUBREY K. MCCLENDON,                    :
RICHARD K. DAVIDSON, V.                  :
BURNS HARGIS, FRANK A.                   :
KEATING, BREENE M. KERR,                 :
CHARLES T. MAXWELL, DON L.              :
NICKLES, FREDERICK B.                    :
WHITTEMORE, MARCUS C.                    :
ROWLAND, MICHAEL A.                      :
JOHNSON, and MERRILL A.                  :
MILLER, JR.,                             :
                                        :
                                        :
                    Defendants,         :
                                        :
and                                     :
                                        :
CHESAPEAKE ENERGY                        :
CORPORATION, Nominal Defendant.          :

| | | |
|---|---|---|
| JACOB SHOCHAT, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION, | : : : : : | Civil Action No. 5:12-cv-00488-M |
| Plaintiff, | : : : | |
| v. | : : : | |
| AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR., | : : : : : : : : : : : | |
| Defendants, | : : : | |
| and | : : : | |
| CHESAPEAKE ENERGY CORPORATION, Nominal Defendant. | : : | |

DAVID A. KROLL INC.
EMPLOYEES' PROFIT-SHARING
PLAN AND TRUST, derivatively on
behalf of CHESAPEAKE ENERGY
CORPORATION,

                   Plaintiff,

v.

AUBREY K. MCCLENDON,
RICHARD K. DAVIDSON, V.
BURNS HARGIS, FRANK A.
KEATING, BREENE M. KERR,
CHARLES T. MAXWELL, DON L.
NICKLES, FREDERICK B.
WHITTEMORE, MARCUS C.
ROWLAND, MICHAEL A.
JOHNSON, and MERRILL A.
MILLER, JR.,

                   Defendants,

and

CHESAPEAKE ENERGY
CORPORATION,

              Nominal Defendant.

Civil Action No. 5:12-cv-00493-M

STEPHEN ROBACZYNSKI ,
individually and derivatively on behalf
of CHESAPEAKE ENERGY
CORPORATION,

                     Plaintiff,

v.

AUBREY K. MCCLENDON,
RICHARD K. DAVIDSON, V.
BURNS HARGIS, FRANK A.
KEATING, BREENE M. KERR,
CHARLES T. MAXWELL, DON L.
NICKLES, FREDERICK B.
WHITTEMORE, MARCUS C.
ROWLAND, MICHAEL A.
JOHNSON, and MERRILL A.
MILLER, JR.,

                    Defendants,

and

CHESAPEAKE ENERGY
CORPORATION, Nominal Defendant.

Civil Action No. 5: 12-cv-00501-M

|  |  |  |
|---|---|---|
| NORMAN SPIEGEL, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION, | : : : : : : | Civil Action No. 5:12-cv-00502-M |
| Plaintiff, | : : | |
| v. | : : | |
| AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR., | : : : : : : : : : : : | |
| Defendants, | : : | |
| and | : : | |
| CHESAPEAKE ENERGY CORPORATION, Nominal Defendant. | : : | |

|  |  |  |
|---|---|---|
| HOWARD ROSENGARTEN, individually and derivatively on behalf of CHESAPEAKE ENERGY CORPORATION, | : : : : : | Civil Action No. 5:12-cv-00505-M |
| Plaintiff, | : : | |
| v. | : : | |
| AUBREY K. MCCLENDON, RICHARD K. DAVIDSON, V. BURNS HARGIS, FRANK A. KEATING, BREENE M. KERR, CHARLES T. MAXWELL, DON L. NICKLES, FREDERICK B. WHITTEMORE, MARCUS C. ROWLAND, MICHAEL A. JOHNSON, and MERRILL A. MILLER, JR., | : : : : : : : : : : | |
| Defendants, | : : | |
| and | : : | |
| CHESAPEAKE ENERGY CORPORATION, Nominal Defendant. | : : | |

## INTRODUCTION

Deborah G. Mallow IRA SEP Investment Plan, Christopher Snyder, the Dolezal Family Limited Partnership, Brian F. Leonard, the David A. Kroll Inc. Employees' Profit-Sharing Plan and Trust, and Norman Spiegel (collectively "Movants"), respectfully submit this memorandum in reply to Movants' motion for consolidation and appointment of lead counsel and in opposition to Plaintiff Jacob Shochat's Cross-Motion for Appointment of Lead Plaintiff and Lead Counsel.

With a single focus on how best to prosecute the multiple derivative claims brought against the Chesapeake Energy Corporation's ("Chesapeake" or the "Company") Board of Directors, Movants' counsel have consulted and attempted to reach consensus on the best leadership structure. Despite good faith efforts by all counsel, the Court is presented with a stark choice; appointment of a co-lead structure that has the support of the majority of plaintiffs or appointment of a sole lead firm representing one plaintiff. Movants respectfully submit that the inclusive co-lead counsel structure will best serve to prosecute the breach of fiduciary duty claims that have been alleged against the Chesapeake Board of Directors.

Plaintiff Jacob Shochat's opposition and cross-motion attempts to advance the argument that Movants were remiss in not seeking formal appointment of a "lead plaintiff" in this derivative case. Shochat acknowledges, however, that there is no procedural requirement for such an appointment under Rule 23.1 which governs derivative actions. Shochat also appears to lose sight of the fact that, in a derivative action, the plaintiffs seek relief on behalf of the subject corporation, not themselves.

Further, Shochat's disingenuous argument about the preference for single lead counsel, instead of a co-lead structure, is belied by the fact that his counsel has repeatedly been part of a co-lead leadership structure.  Finally, Movants submit that the experience of Shochat's counsel is certainly no better than that of the firms representing the Movants, all of whom have distinguished experience in shareholder litigation and can claim far better results.

For the reasons set forth in the prior motions for appointment of lead counsel and those set forth herein, Movants respectfully request that the Court appoint the proposed co-lead counsel leadership structure.

## ARGUMENT

## I.   ALL   PARTIES   AGREE   THAT   THE   RECENTLY-FILED DERIVATIVE ACTIONS SHOULD BE CONSOLIDATED

Throughout all of the motions and cross-motions filed by plaintiffs, all plaintiffs agree that consolidation of the recently-filed derivative action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure is appropriate and just. The actions collectively focus on the alleged failures of the Chesapeake board of directors to honor their fiduciary duties with respect to monitoring and controlling the self-dealings of defendant Aubrey K. McClendon ("McClendon"), and with regard to issues of disclosure. As there are common issues of both fact and law, theses actions should be consolidated.

Likewise, all plaintiffs (and defendants) in these actions are in agreement that the breach of fiduciary claims asserted differ from previously stayed derivative claims arising out of 2008 board approval of McClendon's compensation that have been resolved

through a prior state court settlement. That stayed action is *In re Chesapeake Energy Shareholder Derivative Litigation*, Case No. CIV-11-985-M. When consolidating the stayed actions, this Court found that "they contain common questions of law and fact relating to McClendon's 2008 employment compensation." December 23, 2011 Order consolidating actions filed in 5:11-cv-00985 (Doc. 39). The current derivative actions, by contrast, concern different transactions during a different time period extending far beyond 2008. Further, the prior derivative actions were stayed in light of a settlement in the Oklahoma state court that resolved claims based on the 2008 compensation package. *See* December 23, 2011 Order denying Plaintiffs' motion to expedite and deferring proceeding until resolution of the state court settlement filed in 5:11-cv-00985 (Doc. 38); *see also* Joint Application to Stay dated March 6, 2012 (Doc. 42). In sum, the stayed claims are discrete and not related to the present actions and Movants will oppose any motion to consolidate these matters.

## II. APPOINTMENT OF CO-LEAD COUNSEL WILL BEST SERVE TO ADVANCE THE INTERESTS OF THE COMPANY AND PLAINTIFFS

### A. A Lead Plaintiff Need Not Be Designated In Derivative Actions

Shochat creates a strawman argument that co-lead counsel is wholly unsuitable to serve because they did not seek the appointment of a lead plaintiff. Shochat's argument confuses the requirements of a securities claim brought under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and derivative claims. There is no statutory or procedural requirement that a lead plaintiff be appointed in derivative actions. *Sparano v. Lief*, 2011 U.S. Dist. LEXIS 21144, at **5-6 (S.D. Cal. Mar. 3, 2011); *cf.*

PSLRA, Pub. L. No. 104-67(1995).  Likewise, Rule 23.1 of the Federal Rules of Civil

Procedure does not require appointment of lead plaintiff.  As one court observed:

> As a practical matter, the appointment of a 'lead' plaintiff is
> unnecessary.  As I am inclined to appoint lead counsel in this
> consolidated, complex derivative litigation, and as each of the
> proposed lead counsel have a client, or multiple clients, there really
> is no need to appoint a 'lead' plaintiff.

*In re Comverse Tech., Inc. Deriv. Litig.*, 2006 U.S. Dist. LEXIS 94235, at **4-8

(E.D.N.Y. Sept. 22, 2006).  Indeed, there is little sense in appointing a lead plaintiff in a

derivative claim where the real party in interest is the Company itself.   A derivative

action "consists of only one claim-- the corporate claim against the alleged wrongdoers . .

. the plaintiff stockholder in a derivative suit is seeking to enforce, for the benefit of the

corporation, a corporate claim which the corporation, for whatever reason, is unwilling to

prosecute." *Papilsky v. Berndt*, 466 F.2d 251, 255-56 (2d Cir. 1972).

Shochat's argument on this point appears to misunderstand that this litigation is

not about vindication of his rights, but is about the Company's rights.  *See e.g.*, *Ross v.

Bernhard*, 396 U.S. 531, 538 (1970) ("[a]lthough named a defendant, [the Company] is

the real party in interest, the stockholder being at best the nominal plaintiff").  Shochat's

contention that this case cannot proceed without appointment of a lead plaintiff

demonstrates that he has permitted personal interests to take priority over those of the

Company.[1]  *See e.g.*, *Smith v. Ayres*, 977 F.2d 946, 949 (5th Cir. 1992) ("A plaintiff in a

---

[1]     Moreover, in a derivative suit, a plaintiff may only maintain the action if he fairly
and adequately represents the interests of similarly situated shareholders in enforcing a
right of the corporation.  *Nathan v. Rowan*, 651 F.2d 1223, 1228 (6th Cir. 1981) (due
process requires that a plaintiff must be a fair and adequate representative).  Shochat

shareholder derivative action owes the corporation his undivided loyalty. The plaintiff must not have ulterior motives and must not be pursuing an external personal agenda.").

There is no authority in this district or circuit that requires appointment of a lead plaintiff in a derivative action.  To the extent that courts in other circuits have commented on the use of a lead plaintiff mechanism, Shochat overstates his premise that appointment of a lead plaintiff is either required or desirable.  When consolidating derivative actions, some courts have appointed lead plaintiffs, while many others have declined to do so and have appointed lead counsel only.  *Sparano*, 2011 U.S. Dist. LEXIS 21144, at **5-6; *Moradi v. Adelson*, 2011 U.S. Dist. LEXIS 122428, at **5-7 (D. Nev. Oct. 20, 2011).  Even in the districts where courts have appointed lead plaintiffs in consolidated derivative actions, it is acknowledged that there is no requirement to do so.  *See e.g.*, *Chester County Employees Ret. Fund v. White*, 2012 U.S. Dist. LEXIS 51932, at **7-8 (N.D. Ill. Apr. 13, 2012) ("When exercising discretion to appoint a lead plaintiff and lead counsel-which is essentially case management, rather than adjudication- courts have proceeded in either of two ways: appointment of both lead plaintiff and lead counsel, or appointment of solely lead counsel.").

> B.   Co-Lead Counsel Will Prosecute The Derivative Action
> With Participation Of All Plaintiffs

Shochat further attempts to cast aspersions by arguing that the Movants have formed an illegitimate "group."  Again, this is a concept with applicability in securities class action litigation under the PSLRA, where courts are concerned about plaintiffs

---

cannot be a fair and adequate representative because his complaint fails to state a proxy claim.

attempting to aggregate losses to obtain control over litigation, as control goes to the plaintiff or group who has suffered the largest loss.  Indeed, on this point, Shochat only cites securities cases as authority.  In the pending derivative cases, where the Company will be the ultimate beneficiary of any successful prosecution, the size of plaintiffs' Chesapeake shareholdings is not a presumptively determinative factor and aggregation of group damages is meaningless.

Even if the Court were to consider comparative losses, the Court has been given no evidence on which to judge Shochat's losses other than Shochat's counsel's vague statement that Shochat "has held over $100,000 worth of Chesapeake stock." (Shochat's Cross Motion (Doc. 7 at 2)).  Shochat provides no information on how many shares of Chesapeake stock this represents or even when the stock had a purported value of $100,000.  In contrast, the Kroll Family Trust, for example, specifically alleges that it has held and continues to hold 8,810 shares of Chesapeake stock (Kroll Cmp. at ¶ 20).  As Chesapeake stock has fallen more than $18.00 per share over the past year, the Kroll Family Trust has estimated damages in excess of $170,000 and has held Chesapeake stock worth more than $302,000 during the past year.  Likewise Plaintiff Leonard holds 5,000 shares of Chesapeake stock, has estimated damages in excess of $88,000 and has held Chesapeake stock worth more than $210,000 in the past year.

Shochat's suggestion that it has a greater financial interest in zealously prosecuting this action is simply unsupported.[2]

Shochat's next attempts to criticize a co-lead counsel structure as unworkable is belied by the fact that Kahn Swick's own firm resume includes numerous cases in which they were part of a co-lead counsel structure prosecuting a particular litigation. Kahn Swick's disingenuous arguments about the theoretical preference for a single lead counsel over multiple lead counsel has less to do with their philosophy on the subject than it has to do with the simple fact that they were not chosen by all plaintiffs to serve as lead counsel.

C. Co-Lead Counsel Has Already Submitted Detailed And Complete Pleadings

Shochat next makes the questionable assertion that his complaint is "superior" to four other complaints filed in this action. Besides being a highly subjective statement without factual support, Shochat is simply unable to justify the claim that his complaint is superior to all other complaints filed in the action. Shochat does not even attempt to analyze every complaint filed by Movants, choosing instead to ignore the *Dolezal* and the *Kroll Family Trust* complaints.

The assertion that the *Shochat* complaint is "clearly superior" is perhaps most obviously undercut by the fact that the *Shochat* does not contain a Section 14(A) Proxy

---

[2] Shochat's argument implying that he has the largest financial interest and that the Mallow Plaintiffs never responded to a request to disclose the magnitude of the Mallow Plaintiffs' shareholdings in Chesapeake is simply untrue. Mallow Plaintiffs' counsel had a series of telephone conversations with name partners at Kahn Swick in which specific numbers of shareholdings were shared and compared leading one of the Kahn Swick partners to comment that both plaintiff groups seemed to in the same ball park regarding shareholdings.

violation, unlike most of the complaints filed by the proposed co-lead counsel and firms supporting them.  Further, the facts set forth in complaints such as the *Kroll Family Trust* complaint contain the most complete recitation of facts in this fast-moving scenario. Here, where there have been almost daily reports of additional conflicts of interest by McClendon and the Board, the facts are still being uncovered by all counsel.  Shochat fails to demonstrate that his counsel is more able or diligent in setting forth a complete factual predicate for the derivative claims.  Indeed, a simple comparison of the *Shochat* and the *Kroll Family Trust* complaints demonstrate otherwise.  *Shochat* contains eight pages of factual allegations whereas the *Kroll Family Trust* complaint contains seventeen pages.  Further, the motion for preliminary injunction recently filed by co-lead counsel further demonstrates an in-depth and complete understanding of the facts in this action.

> D.      Proposed Co-Lead Counsel Has Already Pursued The Derivative Claim
>         With More Vigor Than Shochat

In addition to the detailed complaints that have already been filed, co-lead counsel has already served discovery and moved for injunctive relief.  The upcoming June 8, 2012 shareholder meeting is fast approaching and co-lead counsel has already worked together and have aggressively sought to insure that any vote concerning executive compensation be taken at the shareholder meeting should be done only after all information is provided to allow shareholders to make an informed decision on how to vote.  Shochat has not as aggressively sought to protect the shareholder franchise or otherwise protect the interests of all Chesapeake shareholders.

## III.  THE QUALIFICATIONS OF PROPOSED CO-LEAD COUNSEL EXCEED OR ARE EQUAL TO THAT OF THE KAHN FIRM

Plaintiff Shochat's opposition and cross-motion for leadership implies that the Lovell Stuart firm and the Abbey Spanier firm lack derivative experience.[3]  Shochat's cross-motion at 19 (" While both Lowell (sic) Stuart and Abbey Spanier are well known law firms, they fail to list any relevant derivative experience to support the contention that they are most qualified to serve as Co-Lead counsel.")  However, examination of the firm resumes of Lovell Stuart and Abbey Spanier, which were submitted as exhibits to their cross-motion for lead counsel, do in fact set forth derivative experience of both firms.  Moreover, both firms have national practices that evidence appointment as lead counsel in derivative actions across the country.

Most recently in *Kahn v. Kolberg Kravis Roberts & Co., L.P.,* 23 A.3d 831 (Del. 2011) in which Abbey Spanier is lead counsel, the Abbey firm won an appeal on a cutting edge issue of Delaware derivative law.  The decision from the Delaware Supreme Court was listed on the Harvard Law School Forum on Corporate Governance and Financial Regulations as one of the "Top Five Cases on Corporate and Commercial Law from Delaware in 2011."  Similarly, the Lovell Stewart firm was co-lead counsel with the Harwood Feffer firm in *Patrick v. Allen,* 04 CIV. 00657 (WHP) (S.D.N.Y.), a derivative

---

[3]     Shochat's motion does not directly challenge the credentials of the Harwood Feffer firm and its frequent service as lead counsel in derivative actions. However, to avoid any question, plaintiffs would again refer the Court to the Harwood Feffer firm resume annexed as an exhibit to it motion for appointment as lead counsel.  Recently, Harwood Feffer has been appointed lead counsel in a derivative action brought on behalf of Novatel Wireless, Inc., and is leading the prosecution for the Groupon, Inc. derivative action.

action which resulted in a greater cash recovery for the shareholders than all of the largest cash recoveries listed on the Kahn Swick resume *combined*.

Shochat also attempts to argue that the Harwood Feffer firm was attempting to "secretively" move for lead counsel when filing its original motion for lead counsel and should be disqualified.  Harwood Feffer was doing no such thing.  The lead counsel application was contemporaneously filed with the filing of the *Dolezal* complaint and directed to be filed in all known cases.  Indeed, Plaintiff Shochat had not filed his action at that time.  Further, all plaintiffs have had the opportunity to consider all of the competing motions for leadership as is evidenced by the various motions and cross-motions concerning the subject.   There was neither the intent nor the result that leadership would be resolved without the full participation of all firms.

## CONCLUSION

For the reasons set forth herein, Plaintiffs Deborah G. Mallow IRA SEP Investment Plan, Christopher Snyder, the Dolezal Family Limited Partnership, Brian F. Leonard, the David A. Kroll Inc. Employees' Profit-Sharing Plan and Trust, and Norman Spiegel request that the Court consolidate the derivative actions and appoint Lovell Stuart Halebian LLP, Abbey Spanier Rodd & Abrams, LLP, and Harwood Feffer LLP as Co-Lead Derivative Counsel.

Dated May 16, 2012          By:     s/Kenyatta R. Bethea

Kenyatta R. Bethea OBA #18650
HOLLOWAY, BETHEA & OSENBAUGH
3035 N.W. 63rd Suite 102N
Oklahoma City, OK 73116
Telephone: (405) 246-0600
Facsimile: (405) 810-4080
kbethea@hbolaw.com
*Proposed Liaison Counsel for Plaintiffs*

John Halebian
LOVELL STEWART HALEBIAN LLP
Midtown Office
317 Madison Avenue, 21st Floor
New York, NY  10017
Tel:  (212) 500-5010
jhalebian@lshllp.com
*Attorneys for Plaintiff Deborah G. Mallow IRA SEP
Investment Plan and Proposed Co-Lead Counsel for
Plaintiffs*

Nancy Kaboolian
Stephanie Amin-Giwner
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, NY  10016
Tel:  (212) 889-2700
nkaboolian@abbeyspanier.com
*Attorneys for Plaintiff Christopher Snyder and
Proposed Co-Lead Counsel for Plaintiffs*

Robert I. Harwood
Matthew M. Houston
HARWOOD FEFFER LLP
488 Madison Avenue
New York, NY 10022
Tel:  (212) 935-7400
rharwood@hfesq.com
mhouston@hfesq.com
*Attorneys for Plaintiff Dolezal Family Limited
Partnership and David A. Kroll Employees' Profit-*

*Sharing Plan and Trust, and Proposed Co-Lead Counsel for Plaintiffs*

Richard A. Lockridge
Gregg M. Fishbein
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Facsimile: (612) 339-0981
ralockridge@locklaw.com
gmfishbein@locklaw.com
*Attorneys for Plaintiff Brian F. Leonard*

Roy L. Jacobs
ROY JACOBS & ASSOCIATES
60 East 42nd Street, 46th Floor
New York, NY 10165
Tel:  (212) 867-1156
rljacobs@jacobsclasslaw.com
*Attorneys for Plaintiff Deborah G. Mallow IRA SEP Investment Plan*

Laurence D. Paskowitz
PASKOWITZ & ASSOCIATES
60 East 42nd Street, 46th Floor
New York, New York 10016
lpaskowitz@pasklaw.com
Phone: (212) 685-0969
*Attorneys for Plaintiff Christopher Snyder*

Lionel Z. Glancy
Michael Goldberg
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Ste 2100
Los Angeles, CA 90067
Tel:  (310) 201-9150
lglancy@glancylaw.com
mgoldberg@glancylaw.com
*Attorneys for Plaintiff Norman Spiegel*

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of May, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Todd Scott
ORRICK, HERRINGTON & SUTELIFFE, LLP
405 Howard Street
San Francisco, CA 94015
**ATTORNEYS FOR DEFENDANTS**

Don S. Strong
G. Stephen Martin
STRONG, MARTIN & ASSOCIATES, PLLC
120 North Robinson Avenue
Suite 2700
Oklahoma City, OK 73102

AND

Lewis S. Kahn
Albert M. Myers
Melinda A. Nicholson
KAHN, SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
**ATTORNEYS FOR PLAINTIFF JACOB SHOCHAT**

Lionel Z. Glancy
Michael Goldberg
GLANCY BINKOW & GOLDBERG, LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
**ATTORNEYS FOR PLAINTIFF NORMAN SPIEGEL**

Brian Murray
MURRAY FRANK, LLP
275 Madison Avenue, suite 801
New York, NY 10016

AND

Steven W. Crow
LAW OFFICES OF DELLUOMO & CROW
5617 N. Classen Boulevard
Oklahoma City, OK 73118
**ATTORNEYS FOR PLAINTIFFS STEPHEN ROBACZYNSKI and NORMAN SPIEGEL**

Darren B. Derryberry
DERRYBERRY & NAIFEH, LLP
4800 North Lincoln Boulevard
Oklahoma City, OK 73105

AND

Curtis V. Trinko
LAW OFFICES OF CURTIS V. TRINKO
16 West 46th Street, 7th Floor
New York, NY 10036
**ATTORNEYS FOR PLAINTIFF HOWARD ROSENGARTEN**


s/ Kenyatta R. Bethea
KENYATTA R. BETHEA